IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RALPH ROMERO,**

      Plaintiff,

vs.                                                    Civ. No. 01-100 DJS/KBM

**CORNELL CORRECTIONS OF TEXAS, INC.,**
a Delaware corporation, **WARDEN LAWRENCE**
**BARRERAS, in his individual capacity, and**
**CORRECTIONS OFFICER CARLOS DEAN, in**
**his individual capacity,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Cornell Corrections of Texas, Inc. and Lawrence Barreras' Motion for Summary Judgment #1 and Defendants' Cornell Corrections of Texas, Inc. and Lawrence Barreras' Motion for Summary Judgment #2 filed May 23, 2002. Defendants Cornell Corrections of Texas, Inc. (Cornell Corrections) and Lawrence Barreras (Barreras) assert that they are entitled to summary judgment on all the claims asserted by the Plaintiff. Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motions are not well taken and will be denied.

**Procedural history**.

Plaintiff filed his Complaint for Civil Rights Violations, Intentional Torts and Gross

Negligence on January 26, 2001. Plaintiff asserts that on or about April 13, 1999, he was a prison inmate at the Santa Fe County Correctional Facility awaiting a court ordered sixty day Diagnostic and Evaluation as the result of a shoplifting conviction. Because of his developmental disability, a mental condition, he was detained in the Facility infirmary. He alleges that Correctional Officer Carlos Dean (Dean) sexually assaulted him, took his clothes away and threatened and intimidated him to prevent him from disclosing the assault to anyone. In Count I, Plaintiff alleges a 42 U.S.C. §1983 claim against Dean. Plaintiff claims that Dean's acts deprived him of his constitutional right to be secure in his bodily integrity and free from attack by prison guards as guaranteed to him by the Cruel and Unusual Punishment Clause of the Eighth Amendment to the United States Constitution. Count II alleges a 42 U.S.C. § 1983 claim against Defendants Cornell Corrections and Barreras. Plaintiff asserts that these Defendants were deliberately indifferent to Plaintiff's rights and alleges that Defendants' screening, training, and supervision procedures and customs demonstrated Defendants' deliberate indifference. Count III alleges that Dean intentionally assaulted, battered, falsely imprisoned and intentionally inflicted emotional distress on the Plaintiff. It further asserts that Defendants Cornell Corrections and Barreras are liable under the theory of *respondeat superior*. Count IV asserts a gross negligence claim against Cornell Corrections and Barreras on the grounds that there were prior incidents of sexual assaults against inmates of the Santa Fe County Correctional Facility. Count V asserts a statutory claim against Cornell Correction pursuant to NMSA §33-1-17.

**Facts**.

The is no dispute as to the following facts. Plaintiff was incarcerated within the medical unit of the Sante Fe County Detention Facility on April 13, 1999. On April 13, 1999, the facility was operated by Cornell Corrections pursuant to an operating agreement entered into between Cornell Corrections and Santa Fe County. During the course of Plaintiff's incarceration at the facility, Barreras was employed by Cornell Corrections as the warden of the facility. During the course of Plaintiff's incarceration, Defendant Dean was employed by Cornell Corrections as a correctional officer and was working in the medical unit on April 13, 1999.

What occurred between the Plaintiff and Dean is disputed by the parties. Dean maintains he masturbated and ejaculated in Plaintiff's cell while he and Plaintiff were "talking dirty" to each other. Plaintiff asserts that Dean fondled Plaintiff and forced Plaintiff to perform fellatio upon him. As discussed below, what actually occurred between the Plaintiff and Dean is not relevant to the motions before the Court.

**Summary Judgement Standard.**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id. (*citing* Anderson, 477 U.S. at 248).

**Discussion**.

*Count II*

In this Count Plaintiff alleges that Defendant Barreras is liable under the doctrine of *respondeat superior*. In claims brought under 42 U.S.C. §1983, "[b]efore a superior may be held liable under the affirmative link requirements, he must have participated or acquiesced in the constitutional deprivations" at issue. Winters v. Bd. of County Commissioners, 4 F.3d 848, 855 (10th Cir. 1993). Also, the Plaintiff must show that a supervisor was "deliberately indifferent" to Plaintiff's right to be free from attack by prison guards.

Defendant Barrerras was the warden of the jail. Defendants do not dispute that in this position he controlled the jail, managed personnel and inmates, including recruiting, hiring and training staff to ensure qualified applicants were hired, and managed and enforced Cornell Corrections policies and procedures. The Plaintiff has raised a sufficient fact question with regard to the supervision issue to withstand summary judgment. There were other allegations of sexual abuse by correction officers in their employ against inmates prior to April 13, 1999. Further, there is evidence that prior to the assault at issue Dean sexually harassed the Plaintiff by ordering the Plaintiff to shower so that he could watch the Plaintiff.

*Count III*

Defendants Cornell Corrections and Barreras seek summary judgment on the ground that no recovery is authorized under the New Mexico State Tort Claims (TCA) as the sexual assault was committed by Dean while acting outside the scope of his employment. Pursuant to the TCA, a state employee is entitled to immunity from liability

4

only if he is acting within the scope of duty. NMSA 1978 §41-4-4(a). Under state law, the phrase scope of duties is not, as argued by the Defendants, equivalent to the scope of employment. Risk Management Civ. v. McBrayer, 129 N.M. 778, 14 P.3d 43 (2000).

As defined by the TCA, scope of duty means performing any duties that a public employee is requested, required or authorized to perform by a governmental entity. NMSA 1996 §41-4-3. Following the reasoning in McBrayer, summary judgment must be denied. In McBrayer, the plaintiff, a student at New Mexico State University, approached her instructor, Eduardo Araiza, requesting make-up materials for classes she had missed. Araiza said the materials were at his apartment and the student accompanied him to get them. Once there, he brutally attacked, sexually assaulted, tortured, and tried to kill her. The State, through the Risk Management Division, sought a declaration of nonliability on the ground Araiza was not acting with the scope of his dues as a university instructor when he criminally assaulted his student. The New Mexico Court of Appeals rejected this standard saying:

> By examining only the aberrant behavior of Araiza, RMD overlooks how this sexual assault came about through Araiza's duty as a university instructor to distribute homework assignments. Because it appears that Araiza used this authorized duty as a subterfuge to accomplish his assault, we find that a reasonable fact finder could determine that his actions were within the scope of the duties that NMSU requested, required or authorized him to perform. After all, the TCA defines scope of duties as performing duties [, not acts,] that a public employee is requested, required or authorized to perform. Sections 41-4-4(b) and 41-4-4(d).

McBrayer, 129 N.M. at 784, 14 P.3d at 49. There is a question of material fact as to whether Dean used his authorized duty as a jailer as a subterfuge to accomplish his alleged assault.

5

*Count IV*

Count IV alleges a state law claim for "gross negligence." Plaintiff asserts that Defendants were negligent in not providing screening, procedural and regulatory safeguards to protect him from the sexual assault. Again, the Plaintiff has sufficiently controverted Defendants facts to raise a question of material fact. For instance, there is a question of fact whether it was negligent to schedule only one jailer in the medical Facility and whether it was negligent to schedule a new jailer in the medical Facility. Further, Plaintiffs have raised the issue and supported it with evidence that the Defendants placement of cameras within theFacility may be negligent.

*Count V*

Count V is a statutory liability claim against Cornell Corrections pursuant to NMSA §31-1-17. Plaintiff agrees he misstated the precise language of the statute. This is not fatal to any claim he may have pursuant to the statute.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants Cornell Corrections of Texas, Inc. and Lawrence Barreras' Motion for Summary Judgment #1 and Defendants Cornell Corrections of Texas, Inc. and Lawrence Barreras' Motion for Summary Judgment #2 are denied.

_____
**Don J. Svet**
**UNITED STATES MAGISTRATE JUDGE**