**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 1 2 2002

Robert M March
CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RALPH ROMERO,

    Plaintiff,

v.                                                                                         CIV NO. 01-100 DJS/KBM

CORNELL CORRECTIONS OF TEXAS, *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before this Court *sua sponte* following the Court's Memorandum Opinion and Order of August 21, 2002 (Docket No. 84) and further briefing regarding Count V of the complaint. The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. The Memorandum Opinion and Order denied Defendant's two Motions for Summary Judgment filed May 23, 2002. Subsequently, the Court requested further briefing regarding Defendants' request for summary judgment in their favor on Count V of the complaint, which seeks damages based upon an allegation of statutory liability by Defendant Cornell Corrections pursuant to NMSA 1978 §33-1-17(D)(2).

The Court is essentially re-visiting its ruling on Defendants' Motions for Summary Judgment. Accordingly, the standard of law applied in this instance is the same as that used in deciding the motions. Summary judgment is appropriate when there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

1



56(c); <u>Adickes v. S. H. Kress & Co.</u>, 398 U. S. 144, 157 (1970). If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U. S. 574, 585-87 (1986). To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve. Fed. R. Civ. P. 56(e); <u>Matsushita Elec.</u>, 475 U. S. at 596-87.

**DISCUSSION**

NMSA 1978 §33-1-17(D) states that

> The department shall solicit proposals and award any contract under this section in accordance with the provisions of the Procurement Code [13-1-28 NMSA]. The contract shall include such terms and conditions as the department may require after consultation with the general services department; provided that the terms and conditions shall include provisions:
> (1) setting forth comprehensive standards for conditions of incarceration;
> (2) that the contractor assumes all liability caused by or arising out of all aspects of the provision or operation of the facility;
> (3) for liability insurance or other proof of financial responsibility acceptable to the general services department covering the contractor and its officers, employees and agents in an amount sufficient to cover all liability caused by or arising out of all aspects of the provision or operation of the facility;
> (4) for termination for cause upon ninety days' notice to the contractor for failure to meet contract provisions when such failure seriously affects the availability or operation of the facility;
> (5) that venue for the enforcement of the contract shall be in the district court for Santa Fe county;
> (6) that continuation of the contract is subject to the availability of funds; and
> (7) that compliance with the contract shall be monitored by the corrections department and the contract may be terminated for noncompliance.

Plaintiff contends that the language contained in §33-1-17(D)(2) requiring that a contractor operating a correctional facility assume all liability caused by or arising out of the provision or the operation

of the facility gives rise to a derivative claim allowing him to recover damages directly against Defendant Cornell Corrections, rather than through liability of the individual employee Defendants. Plaintiff argues that the statute makes Cornell Corrections responsible as a liability insurer and, as such, is a proper party under the doctrine articulated in Raskob v. Sanchez, 970 P.2d 580, 581 (N.M. 1998). Under Plaintiff's theory, if the jury finds liability on his claims against the individual Defendants, the statute results in liability against Defendant Cornell Corrections. Defendants argue that the statute does not impose any liability upon them and does not repeal the application of common-law tort liability.

The Court does not agree that the statute requires Defendant Cornell Corrections to act as a liability insurer. Defendant Cornell Corrections' liability insurer acts as a liability insurer. The statute requires that private prisons maintain insurance to insulate the state from liability for acts committed by private entities which are profiting from their contractual relationship with the state. Prisons are litigious environments and to allow private custodians of state prisoners to avoid responsibility for the consequences of lawsuits stemming from the treatment of prisoners would remove any incentive for the state to contract with private prisons or private prison operators. Further, the established doctrines of tort law provide avenues of recovery for prisoners injured by private jail operators without this Court creating a cause of action by analogy.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment be granted with regard to Count V of the complaint, which is hereby dismissed.

DON J. SVET
UNITED STATES MAGISTRATE JUDGE